# DECISIONS

### UNDER THE

# NEW ORGANIZATION OF THE JUDICIARY.

———◄►——

### STILES vs. FISHER.

Costs of a motion are in the discretion of the court. *An absolute right to ten dollars costs* of a motion, does not accrue, *of course*, on the service of motion papers.

Where Defendant served motion papers, and the Plaintiff immediately offered to pay him five dollars costs, and grant him the benefit of his motion; *held*, on the decision of the motion, that the costs *abide the event.*

*September Special Term*, 1847. *Albany County.*—An order to hold the Defendant to bail was granted in this cause in June last, by a supreme court commissioner.

This motion was made by Defendant to set aside that order, on the ground that the affidavit on which it was founded, was insufficient. After the papers for the motion were served, the Plaintiff's attorney served upon the Defendant's attorney a stipulation waiving the effect of the order to hold to bail, and consenting that the Defendant be discharged from his arrest upon filing common bail, and offered to pay the Defendant's attorney five dollars for the costs of preparing papers for the motion.

R. W. PECKHAM, *for Deft.*

A. J. COLVIN, *for Plff.*

HARRIS, Justice.—The only question between the parties upon this motion, relates to the costs of the motion; the Plaintiff having by his stipulation given to the Defendant substantially the benefit of his motion. It is not usual in vacating an order made by an officer having competent authority to award costs; but the case of an order to hold to bail made upon an insufficient affidavit, seems to have been an exception to this rule. In this case, the affidavit upon which the order was founded, was clearly insufficient, and in setting aside that order, the Defendant would have been entitled according to the practice of the court, to the costs of his motion.

I cannot, however, agree with the counsel for the Defendant; that when the papers for the motion were served, *an absolute right to ten dollars costs* had accrued. On the contrary, it is a matter entirely in the discretion of the court; a discretion, it is true, which is not to be exercised arbitrarily, but in reference to the justice of the case, and what has been the usage of the court in similar cases. But in determining the question, the court may, I think, very properly take into consideration the fact that when the papers for the motion were served, the attorney making the motion was offered the full benefit of his motion, and a sum for costs, which would be a fair compensation for making out the papers for the motion.

This motion in fact is made to obtain five dollars additional costs for making. The ten dollars allowed for the costs of a motion, is intended as a compensation as well for the counsel-fee for making the motion, as for preparing the papers upon which the motion is founded; and it is but analogous to the practice of the court in other cases, to deny a party costs to which he might otherwise be entitled, when it appears that the object of the motion is merely to obtain costs. I do not say that in every case the costs of a motion should be refused, when the party moving has been offered a reasonable amount for the expense incurred by him in preparing for the motion. All I mean to say is, that this is a circumstance which is entitled to its influence in directing the discretion of the court in awarding costs. I think the proper disposition of this motion is to allow the costs to abide the event of the suit.