The opinion of the Court was drawn up by
Appleton, J.
The plaintiffs’ claim can be supported upon no known or recognized principles of the common law as heretofore administered in England or on this continent.
The plaintiffs and defendant were partners.' After much negotiation the partnership was dissolved, and a settlement of its affairs concluded on 15th June, 1859. The plaintiffs were to pay the defendant three thousand dollars for his interest in the real estate, mills, &c., of the firm, and to give him four thousand dollars for " the estimated balance of 'his account.” At that date (15th June) the apparent amount due the defendant on the books of the company was $4221,50. The defendant on that day was charged with three notes to the amount in the aggregate of $4000, but as with this sum there would be an apparent balance in his favor, at the instance of the plaintiffs, he further charged himself with $225,79, as "amount given in on settlement.” The items of debt and credit (save one) appear on the company books, and on the account of the defendant up to and on the 15th June, when the last entries were made. The proper entries having been made upon the partnership books, and the money paid, the defendant, on the same day, deliv *389 ered his deed conveying his interest in the real estate of the firm, and an assignment of all his interest in the notes, accounts, mortgages, &c., of the firm.
The plaintiffs now claim that in this settlement there were various errors — in the charges made — in the credits given —and in the interest account — and they bring this action of assumpsit to correct these various errors to the amount, as it appears by their bill of particulars, of $4289,90.
1. There is no principle of law better settled than that a partner can only maintain assumpsit against his partner or partners when a final balance is agreed upon; and in case of a special item, when such item is separable and separated from the general account, and admitted to bo correct. But here no balance is conceded, no specific item admitted. The plaintiffs cannot select one or many items included in a partnership account which has been settled, and make them the special subject of litigation, and leave the rest as settled. If there has been mistake or fraud, and he desires for such cause to set aside the settlement, his remedy is in equity.
The case of Chase v. Garvin, 19 Maine, 211, is directly in point. The plaintiff there alleged fraud and concealment in the settlement of the affairs of the firm, and sought to maintain assumpsit for their correction, but the Court decided it would not lie. One partner cannot maintain a suit against the other, unless upon settlement of the partnership accounts, a specific sum be found due him. Burley v. Harris, 8 N. H., 236.
The only remedy in the case of fraud or mistake in the adjustment of a partnership account is by bill in equity. Chase v. Garvin, 19 Maine, 211. A stated account may be impeached in whole or in part, on the ground of fraud or mistake. The whole account may be opened and a new account be directed to be taken. If the mistakes do not affect the whole account, then the account will bo acted upon as correct, except as to those particulars with which the *390 party is dissatisfied. These proceedings are only by bill in equity. Lindley on Partnership, 825.
2. All the items sought to be recovered appear on the books óf the firm at the time of the settlement, except the' claim of $100 paid by Wade to the defendant, and it is insisted that, at any rate, this action is maintainable for that sum.
Partners may separate one partnership transactipn from the rest and adjust it, and, if thereupon a sum be found due from one to the other, a promise to pay it -will be binding, and an action will lie thereupon, although the rest of the affairs remain unadjusted. Gibson v. Moore, 6 N. H., 547. But here there was no separation of a partnership transaction, no adjustment of it and no promise to pay it. No promise is implied between partners to pay each other in a partnership transaction, and no action lies by either in such case, unless the transaction has been settled and a promise of payment made. Wright v. Cobleigh, 1 Foster, 339.
The sum total of error sought to be cori’ected, is $4289,90. This Court will not permit one item of $100 to be settled here and the rest to be adjusted by a court of equity. The accounts are not to be settled in part before one tribunal and in part before another, and the plaintiffs to determine where each separate portion is to be heard and tried. If there are mistakes and errors to be corrected, they must all be heard and adjudicated upon by one and the same Court, and that is a court of equity. Lane v. Tyler & al.
If the other items are all correct, save the payment by Wade to the defendant, then it is clear that no action can be maintained for that.
The plaintiffs claim $100 paid by Wade to the defendant and omitted to be by him credited to the firm.
If the settlement was made upon the actual balance, the plaintiffs cannot prevail, because they have been credited $225,79 as "given in on settlement” and have not paid the actual balance. The omission of this sum could only be *391 properly rectified by reducing by that amount the sum given in. It could never have been the understanding of the parties that, if a sum be given in on settlement and it should afterwards appear that a much less sum were omitted in such settlement, that this omitted sum should be paid as a debt and the sum given in remain in its entirety as a gift.
If, as the plaintiffs contend, they were to give the defendant $4000 for " the estimated balance of his account,” then both parties ran the risk of the actual balance, and, whether it exceed or fall short of the estimate, neither party can complain.
In Knight v. Majoribanks, 11 Beav., 322, and 2 Mac. & G., 10, certain persons were partners in a speculation in Australia. The speculation was not at first successful, and it was necessary for the partners frequently to contribute large sums of money for the purpose of carrying it on. The plaintiff, who was one of the partners, was greatly pressed for money, and was unable to -contribute his proportion of the required capital. A sum of upwards of £5000 was alleged to be due from him to the concern; he never questioned the accuracy of this statement, but assented to its correctness and never examined, nor sought to examine, any books or accounts; and, in consideration of the sum so alleged to be due, and of £250 cash, he assigned all his interest in the concern to his partners and released them from all demands. The speculation afterwards proving profitable, he sought to set aside this transaction on the ground of fraud and inadequacy of consideration. But, as no fraud was proved, and, as the plaintiff knew well what he was about, as he was content that no accounts should be taken, and that no person should act as his adviser, and as, although he was undoubtedly in distress, and his co-partners knew it, yet they had taken no unfair advantage of that circumstance, it was held, both by Lord Langdale and Lord Coltenham, on appeal, that the transaction was binding and could not be impeached. Lindley on Partnership, 792.
But, in this settlement, the plaintiffs were the gainers. *392 The allowance of the ' sum in question will not reduce the balance to the amount estimated. They cannot, therefore, if the settlement was made upon an estimate, by any possibility, have been wronged.
3. The plaintiffs further pretend that the settlement made on June 15 was as of April 22, and the accounts, both debt and credit, intervening between those dates, should have been included — that the defendant should be allowed his debits as against the firm, and that he should be charged with the credits accruing since April 22.
If this were so, it would present the case of a settlement where, as the plaintiffs allege, there are various mistakes of debt and credit, and of interest account, all of which the defendant denies. But, if it were so, it has already been seen that these various errors can only be corrected in equity.
4. But the plaintiffs’ proof most conclusively negatives any mistake of fact in the settlement.
It seems that the plaintiffs and defendant on 22d April, 1859, entered into a contract under seal by which, upon the performance of certain conditions by the plaintiffs, Avithin thirty days therefrom, the firm was to be dissolved, and its affairs to be settled. The defendant was to convey his interest in the mill and certain real estate of the firm for the sum of $3000, to-be paid in thirty days — and the plaintiffs were further to give the defendant $4000 for " the estimated balance of his account,” the payment to be secured as therein provided.
The plaintiffs failed to comply with the terms proposed within the time limited. The defendant gave notice on the last day that he should no longer consider the contract in force. Notwithstanding this, these negotiations continued till 15th June, when the settlement noAv sought to be set aside, was effected — and a conveyance of the real estate and personal estate made by the defendant to these plaintiffs and the stipulated consideration therefor paid by them to him.
The plaintiffs will hardly deny that they have a moderate *393 share of common sense, intelligence and business capacity. Allowing them credit for this much, it is difficult to imagine a more preposterous claim than the one suggested, or more at variance with their proofs and acts.
' The books of the firm, introduced by the plaintiffs, show the state of the account between the defendant and the firm. They show a settlement on 15th June, and the items included therein The debits and credits are duly set forth, and they reach to that date. They include the various sums embraced in this suit save one already considered. They were added up. Nothing was concealed. The plaintiffs, knowing the several sums by which the balance was found, and aiding in ascertaining it, have received the entire interest of the defendant in the firm property upon the settlement thus effected. The proof negatives fraud, for the items were all patent and apparent to the inspection of the plaintiffs. It negatives mistake, for they aided in the addition of the sums before them. The settlement, as they allege, was upon "an estimated balance.” If so, they must abide the result. Nothing shows, as the accounts then stood, that they have been injured.
The plaintiffs pretend that the settlement was to have been of the accounts as they stood at an earlier date — that is, that neglecting to perform their part of the contract of April 22, without performing, they were to have all the benefits of its entire performance; that the settlement should have been as if then (April 22) made, and that the defendant should be charged with all moneys since received, and denied all claims since accruing. If such was the bargain, the most obvious course would have been to have thus made the settlement, and the entries corresponding thereto. It is not readily perceived how men of even moderate sagacity could have participated in and assented to a settlement carrying down the account to a date nearly three months later than it should have been. The books show the now disputed items and their settlement, and one capable of their addition could hardly have been ignorant of what the sums *394 were for, when he thus added them, or was pi’esent at and assisted in their addition.
That the defendant claimed the debits and credits now disputed, azid that the settlement was based on their allowance, is very apparent. The accounts were settled as the parties intended, — without fraud and without mistake, and all this is manifest by the plaintiffs’ own showing.
5. If the contract of April 22 were by any legerdemain to be regarded in force on 15th June, when the settlement was made, then, if the defendazit has not performed the contract on his part, the plaintiffs have a remedy for its nonperformance upon the contract..
They may maintain an action at common law and receive compensation in damages. Or they may, by bill in equity, set aside the settlement, if fraudulent, and enfoz’ce the performance of the contract.
But nothing is clearer than that, if the contract was in force on the day of the settlement, June 15, that the remedy for any failure in pez-formance is upon the contract, either at commozz l$iw or in equity, and not by action of assumpsit.

JSTonsuil confirmed and exceptions overruled.