# WILLIAM W. HANKS

v.

# ADEN BABER.

1. PARTNERSHIP—*remedy as between partners.* Where two partners, upon a settlement of their partnership affairs, ascertain and agree upon a balance due from one to the other, it becomes unnecessary to file a bill in chancery for a statement of the partnership accounts, and an action of assumpsit will lie for the amount found to be due, as upon an account stated. But where, upon an attempted settlement between them, a mistake is made in the statement of the account, assumpsit will not lie, and the remedy is by bill in chancery for a settlement of the partnership accounts.

2. SAME—*what properly included in such accounting.* On the filing of a bill in chancery for the settlement of partnership accounts, the parties cannot introduce their individual accounts into the statement.

3. SAME—*of compensation to a partner.* The law does not allow compensation to a partner for his time, efforts and skill in the management of the partnership business, but on the contrary implies, unless otherwise provided by the partnership articles, that the members of the firm are to give their efforts and skill for the promotion of the interests of the firm.

WRIT OF ERROR to to the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was a bill in chancery, filed by William W. Hanks against Aden Baber, for a settlement of the accounts of a co-partnership previously formed between them, for the purpose of buying and selling a lot of cattle. Upon the hearing, the court below dismissed the bill, and to reverse this decree, the complainant brings the record to this court.

Mr. R. N. BISHOP and Mr. JOHN SCHOLFIELD, for the plaintiff in error.

Messrs. BLACKBURNE & EADS, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The evidence, we think, shows that plaintiff in error put into the partnership the sum of $1425, and that defendant put in nothing; that they borrowed various sums which were paid with money belonging to the firm. Defendant in error handled the money, paid it out for cattle, feed, and money they had borrowed, and sold the cattle. It appears there was a loss on the cattle bought and sold, amounting to $993, and deducting $496.50, half of the loss, from the capital put in by plaintiff in error, would leave $928.50 due him from defendant in error. But a careful examination of the evidence shows, we think, that of the capital advanced by plaintiff in error, $400 was borrowed by him of James Hanks, and that the firm paid that debt out of money borrowed by the firm of Wright, through the father of plaintiff in error.

William Hanks, Sr. testified that he got $934 of Wright for the firm, and defendant in error directed him to let plaintiff in error have the same; that it was to pay debts of the partnership—upwards of $400 to James Hanks, about $200 to Barnetts, and some for corn the cattle had eaten. Plaintiff in error testified that $433 of the Wright money was paid to James Hanks. James Hanks testified that plaintiff in error got of him as they went to purchase the cattle, $400, which he afterwards paid back.

There is no evidence in the record that this $400 was a firm debt. On the contrary, it was borrowed by plaintiff in error before the cattle were purchased, and we must conclude that it formed a part of the capital put in by him. We have seen that the debt was paid by money belonging to the firm. It follows that this payment, made by the firm, reduced the capital of plaintiff in error $433, the amount paid to relieve him from individual liability for its payment. This left his capital $992, and being liable for one-half of the loss, which was $496.50, when deducted from the capital of $992, leaves $495.50, the sum defendant in error owes to plaintiff in error,

and for which he is entitled to a decree on the evidence in the record, and which the court below should have allowed him.

It is urged that the account was taken and the balance found by Hardwick when the parties attempted to settle, and the sum having been found, a court of equity will not entertain jurisdiction, and plaintiff in error can only have relief in a court of law. It is true, when partners have settled their partnership accounts and a balance is ascertained, an action of assumpsit will lie for money due on an account stated. In such a case, there ceases to be any necessity to file a bill to have the partnership accounts stated, as that has been done by the parties themselves. But in this case it will be seen that the account was not correctly stated, as it is claimed there was then due plaintiff in error $928.50, which error was produced by allowing plaintiff in error, as capital, $433, which he had borrowed, and which was paid by the firm. Deduct that amount from the amount then found, and it leaves the amount we have found from the evidence. It follows there was not a balance truly stated, such as would authorize a recovery in assumpsit.

As the partners agreed to share profits and losses equally, and there was a loss, plaintiff in error is liable to share one-half of that sum, which we have deducted from his capital, holding defendant in error liable to refund one-half of the capital of plaintiff in error. As plaintiff in error advanced all the capital, and defendant in error nothing, no reason is perceived why he should be allowed for his time, or care and attention to the business. Nor does the law allow compensation to a partner for his time, efforts and skill in the management of the business of the firm. The law implies, unless otherwise provided by the partnership articles, that the members of the firm are to give their efforts and skill for the promotion of the interests of the firm.

Nor can the parties, on a bill to settle partnership accounts, introduce their individual accounts into the statement. They

are not connected with, nor do they in any wise relate to, the business of the partnership. They form a separate and disconnected matter that can not be included. The decree of the court below must be reversed and the cause remanded for further proceedings in conformity to this opinion.

*Decree reversed.*