Staunton.

DILLARD'S ADM'R *v.* DILLARD AND ALS.

October 11th, 1883.

1. PERSONAL REPRESENTATIVES—*Taxes on intestate's land.*—Administrator, being party to suit to partition intestate's land, said land was not charged for taxation on land-book until after decree confirming its partition.

HELD:

　　1. Administrator should be allowed credit for payment of the taxes accrued *before*, but not of the taxes accrued *after* the decree confirming the partition. Code 1849, p. 189, sec. 67, (Code 1873, p. 294, section 32.)

　　2. This case distinguished from that of *Simmons* v. *Lyle's adm'r, &c.*, 32 Gratt. 752.

2. IDEM—*Ex parte affidavit—Credit disallowed.*—Where administrator in his *ex parte* affidavit denies receipt of a debt due intestate's estate, but the weight of evidence is *contra;*

HELD :

　　Credit, therefore, was rightly disallowed.

3. IDEM—*Continuance.*—Circumstances under which administrator's motion for a continuance of the hearing of suit to settle his accounts, was properly overruled.

4. DECREES—*Clerical errors—Correction in vacation.*—Under Code 1873, ch. 177, section 5, upon notice to the opposite party, his agent, or attorney at law or in fact, the court wherein the decree is rendered, may, on motion correct such decree as to any clerical error therein where (as in the case at bar), there is sufficient in the record to enable the court to safely amend the same.

5. PERSONAL REPRESENTATIVES—*Special commissioners.*—Where in suit to settle estate and distribute same, one, who is already the administrator, is appointed special commissioner to collect and pay over the several sums assessed for owelty of partition, that one cannot be held liable *as such administrator* for default in the duties prescribed for him as such special commissioner.

6. *Costs in equity—Case at bar.*—The award of costs being discretionary with courts of equity, (Code 1873, ch. 181, § 10), in this case, court below directed the administrator to pay the costs of the suit accruing after October term 1865, *de bonis suis.*

HELD:

    The record discloses no sufficient reason why the decision of the court below should be disturbed.

Appeal from four decrees of circuit court of Amherst county entered 28th of August, and 15th October, 1860, and 15th April and 23d May, 1881, respectively, in the cause of Nancy Dillard, the widow, and Martin Webb and Anne, his wife, and others, heirs of John Dillard, deceased, plaintiffs, against Stephen T. Dillard, the administrator, as such, and himself and Sallie J., his wife, and others, heirs of the said decedent, defendants.

The object of the suit was to settle the administration accounts, and distribute the personal and partition the real estate of the decedent, who died intestate in August, 1859. The court below held the administrator accountable *de bonis propriis* for taxes to the amount of $800, paid by him out of the personal estate of his decedent, from 1864 to 1871 inclusive, to the officers charged by law with the duty of collecting the same, the real estate whereon the taxes were assessed, being during that period charged, not to the heirs, as it should have been, but to the estate. The decree confirming the partition, was rendered the 27th August, 1864. The real estate was not transferred on the landbooks to the heirs, until 1871. The administrator was also held accountable for money which he, on his *ex parte* affidavit denied that he had, or could, by due diligence, have collected. But having been appointed special commissioner to collect and pay over the several sums assessed against the heirs and distributees to equalize the division of the property, the said Stephen T. Dillard was not charged *as administrator,* with those sums. Of this exoneration, the appellees complained. From these decrees the said Stephen T. Dillard, as such administrator, obtained from one of the judges of this court an appeal.

The other points raised, are sufficiently set forth in the opinion.

*Sheffey & Bumgardner,* and *J. H. McCue,* for the appellant.

*E. S. Brown,* for the appellees.

Lewis, P., delivered the opinion of the court.

The first error assigned is that the appellant in the settlement of his administration accounts was not credited with the amount of taxes which he had paid on the land from 1864 to 1871, inclusive. And the appellees insist that it was error to their prejudice to allow the administrator credit for any portion of the taxes on the land which were assessed after the death of John Dillard, the intestate, which occurred in the month of August, 1859. The statute as it then was, and as it has since remained, provides that the land of any decedent shall be charged to his estate until it can be properly charged to the heir, devisee, or grantee; and that while it continues so charged the personal property shall be liable for the tax and subject to distress or other lawful process to satisfy the same. Code 1849, page one hundred and eighty-nine, section sixty-seven.

After the death of John Dillard, the land it seems was charged to his estate, and remained so charged until 1871. The present suit was begun in 1860 for a partition of the land and for a settlement of the administration accounts. Commissioners, appointed for the purpose, divided the land and returned their report to the court in the month of December of that year, but the same was not confirmed until August, 1864.

Whether the land was charged to the estate because the heirs, some of whom were infants, were not known, or because for some other reason it could not be properly charged to them, does not appear. It is quite certain, however, that after it had been divided, and the partition made had been confirmed by the court,

there was no longer any reason why it could not be properly charged to the heirs, or to their vendees, respectively.    Upon the qualification of the administrator he acquired title to the personal property to be administered in the manner and for the objects prescribed by law.    It thereupon became his duty, after paying funeral expenses and charges of administration, to pay the debts of the estate, and to distribute the surplus among those entitled thereto.    The debts to be first paid, after paying debts due the United States, were "taxes and liens assessed upon the decedent previous to his death;" but for taxes on the land assessed after his death the personal property was not liable except so long as the land remained charged to the estate on the land-books of the county.    It was plainly then the duty of the administrator, in the execution of his trust and for the protection of the personal estate in his hands, to have taken the necessary steps to have the land "properly charged" to the heirs, if not before its partition had been confirmed, certainly immediately thereafter.    Some of the distributees had sold their interests in the land, and were no longer liable for any part of the tax assessed thereon.    And this was a fact well known to the administrator, who was himself the assignee of the interests

The case does not, therefore, fall within the ruling of this court in *Simmons* v. *Lyle*, 32 Gratt. 758, in which it was held that a widow, remaining in the mansion house and without assignment of dower, had an interest in the land which entitled her, as against the claims of creditors, to a credit for the taxes she had paid for the protection of her interest.    Here the payment of the taxes was not essential to the protection of the personal property in the administrator's hands.    An application to the proper officer, or to the county court, if necessary, to change the assessment of the land, and to have it properly charged to the heirs or their assignees, would have afforded him ample protection, and to that extent would have preserved the fund for the benefit of creditors and the distributees interested therein.    And having failed in this particular to discharge his

duty, he was not entitled as against the claims of either to be subrogated to the rights of the commonwealth for the taxes paid. The circuit court, therefore, properly held that for the taxes assessed on the land after the date of the decree confirming the partition thereof, and paid by him, he was not entitled to credit in the settlement of his accounts. But for the taxes assessed prior to the date of that decree and after the intestate's death, a credit was allowed. Under the circumstances of the case, this was not an unreasonable allowance. A suit, to which the administrator was a party, was pending for a partition of the land, and until partition had been made and confirmed, the administrator might reasonably have deferred an application for the assessment of the land to be changed. And the prayer of the appellees for a reversal of the decree must be denied.

The second error assigned is, that the appellant was erroneously charged with the sum of $244.12 as the balance paid by the James River and Kanawha Canal Company for the hires of certain slaves for the year 1858. Upon this point the testimony is, that on the 1st February, 1861, the above-mentioned sum was paid by check of the company, drawn payable to John Dillard or bearer, and thereupon the bond of the company for the hires was surrendered. The administrator in an *ex parte* affidavit denies that he received such payment of the company; but the weight of the evidence sustains the ruling of the circuit court. It is not denied that the company's bond was surrendered and cancelled, which could only have been done by authority of the administrator, and there is nothing to show that if in fact he did not collect the balance due on the bond he could not have done so if the proper attempt had been made. The charge was therefore properly made.

The next error assigned is the refusal of the circuit court to continue the case on the ground of the inability of the administrator to appear in person before the commissioner at the taking of the last account. We think the motion was properly overruled. The suit for the settlement of the estate had been pend-

ing for many years, and repeated efforts had been made in vain to execute the decree requiring the administrator to settle his accounts before a commissioner. Nor was it until after a rule had been awarded against him to show cause why he should not be attached for contempt in not obeying the decree that he did appear before the commissioner to settle his accounts. The accounts, after many delays and adjournments, were finally settled, and after he had laid before the commissioner his papers and vouchers had taken the depositions of witnesses, and after the most ample opportunity had been afforded him to furnish such information as he could in respect to the settlement. The report, when completed, was several times recommitted to the commissioner, the last time with instructions to conform the account to the opinion of the court in certain particulars. At that time he was represented by counsel, and it does not appear that his rights were prejudiced on account of his absence, or, that if a continuance had been granted, he would have been able to attend before the commissioner within a reasonable time thereafter. The motion appears to have been prompted rather by a desire for unreasonable delay than for any other purpose, and was rightly overruled.

Nor did the court err in correcting after notice in vacation the decree of the April term, 1881. The power so to do is expressly conferred by the statute, Code 1873, chapter 177, section five, and in this case there was sufficient in the record to enable the court to safely amend the decree in question, and to correct the error, which was clerical merely. The notice was served on the attorneys of the administrator, who had represented him in the progress of the suit, and was therefore a sufficient notice under the statute, which provides that every such motion shall be after reasonable notice to the opposite party, his agent or attorney in fact, or at law.

In respect to the error assigned by the appellees in the ruling of the court, that the administrator was not held "liable to the distributees for their equal shares of the slaves," it is sufficient

to say that the administrator was not required to pay to the distributees, whose allotments were deficient, the sums due them respectively to equalize the division of the slaves; and by the decree of the 27th August, 1864, Stephen T. Dillard, as *commissioner and receiver*, was required to collect of those of the distributees, who were responsible for surplus sums, the amounts due by them respectively, and to pay the same to those whose allotments were deficient.   And there is no error, therefore, in the decree of which the appellees can complain.

It only remains to say that the subject of costs is a matter within the discretion of a court of equity (Code 1873, chapter 181, section ten), and that no sufficient reason appears in this case to disturb the decree complained of, which directed the costs of the suit, which accrued after the October term, 1865, to be paid by the administrator out of his own estate.

The decrees appealed from are affirmed.

DECREES AFFIRMED.