SMITH, Adm'r, *v.* RAILWAY COMPANY.

(*Nashville.*   February 17, 1891.)

PAUPER OATH.   *Administrator cannot prosecute original suit or appeal upon.*

An administrator cannot, in his representative capacity, either maintain an original suit or prosecute an appeal upon the pauper oath; not even when he avers insolvency of himself personally and also of the estate and next of kin of his intestate.

Cases cited and approved: Green *v.* Harrison, 3 Sneed, 131; Musgrove' *v.* Lusk, 5 Bax., 684; Gorman *v.* Flynn, MSS., September Term, 1869; Cargle *v.* Railway, 7 Lea, 717; Sharer *v.* Gill, 6 Lea, 495; Johnson *v.* Hunter, 9 Bax., 185.

Cited and disapproved: Huskey *v.* Lanning, 8 Bax., 187.

---

FROM MAURY.

---

Appeal in error from Circuit Court of 'Maury County.   E. D. PATTERSON, J.

TAYLOR & FOWLER for Smith.

HUGHES & HATCHER for Railway Company.

LURTON, J.   This is an action for damages against the Louisville & Nashville Railroad Company for

Smith, Adm'r, *v.* Railway Company.

injuries resulting in the death of plaintiff's intestate. In lieu of bond plaintiff filed an oath that, owing to his poverty, he was not able to bear the expenses of the suit, and that the estate of his intestate was insolvent, there being no assets with which to bear the expenses of the suit, and that he was entitled to the redress he sought. Upon motion the suit was dismissed for failure to comply with an order requiring bond to be given. The record has been filed for writ of error, the applicant for the writ filing a like pauper oath with the additional statement that the next of kin, for whose benefit the suit is prosecuted, are also unable to bear the expenses of the suit owing to their poverty. The defendant has moved to dismiss the writ of error, because no bond for costs has been executed as required by law. The motion must be allowed.

It has been frequently decided that the right to bring suit *in forma pauperis*, as conferred by the Act of 1821, carried into the Code as § 3192, was a right *personal* to the plaintiff, and that a plaintiff suing in a representative capacity could not avail himself of the privilege.

So in *Green* v. *Harrison*, 3 Sneed, 131, it was held that neither the guardian or next friend of an infant could avail himself of it. Nor can a guardian *ad litem* of an infant (*Musgrove* v. *Lusk*, 5 Bax., 684); nor a married woman when suing by next friend (*Gorman* v. *Flynn*, September Term, 1869. Cited by Judge Cooper and approved in

*Cargle* v. *Railroad Company*, 7 Lea, 717); nor can infants prosecute an appeal under such oath (*Sharer* v. *Gill*, 6 Lea, 495).

In *Johnson* v. *Hunter*, 9 Bax., 185, it was held that a *qui tam action* could not be prosecuted without bond and security. In this case Judge Deaderick, for the Court, said that "the statutes, and the oath to be taken in prosecutions without giving security, seem to contemplate a provision for the purpose of affording poor persons a means for enforcing their personal rights, or redressing some wrong or injury personal to themselves."

As one-half of the recovery in a *qui tam action* went to the State, it was held not to be such a personal action as contemplated by the statute. By the subsequent Act of 1871, found in revisal of (M. & V.) Code, at § 3913, guardians of idiots, lunatics, and persons of unsound mind were permitted to sue upon taking a form of oath therein prescribed. So by Act of 1889, Ch. 105, the next friend of an infant plaintiff is permitted to sue without bond upon taking an oath prescribed by that Act.

These amendatory acts do not extend to suits by administrators, and only strengthen the construction of the Code as conferring a mere personal privilege.

The case of *Huskey, Adm'r,* v. *Lanning,* 8 Bax., 187, is relied upon by plaintiff as an authority supporting his view of the question. We do not think that that case decides the question now

under consideration. Judge Deaderick states that the exceptions taken to the oath were that the estate did not appear to be insolvent, and that the oath was taken after term time. These two exceptions are passed upon and overruled. There seems to have been no point made upon the right of the administrator to prosecute the appeal under pauper's oath. The point ought to have been made, but was not. It was therefore not decided. If the reasoning of the Court was sound in the various cases we have cited, holding the statute applicable only to suits in which the plaintiff was suing upon a right personal to himself, then uniformity of decision must require a similar ruling where the action is by the representative of an intestate.

Dismiss the writ with costs.