SIDNEY E. DAVIS, *Admr., etc. v.* ANDREWS BSHARAH *et al.*

(No. 7049)

Submitted Januray 26, 1932. Decided February 9, 1932.

*C. L. Lilly* and *A. D. Preston*, for appellant.

*McGinnis & Ashworth, Fletcher W. Mann,* and *Carl C. Sanders,* for appellees.

WOODS, JUDGE:

This apeal involves the correctness of the chancellor's action in dismissing plaintiff's second amended bill for non-payment of costs incurred in a former appeal to this Court.

Mike Courey Cassis died in 1919, leaving a widow and children as beneficiaries of his estate. The Beckley Department Store, in which Casis had a one-fourth interest, was appraised at $22,317.13. Cassis' one-fourth interest in the partnership was advertised and sold, at public auction, to the remaining partners for $5,200.00. In 1922, the administrator brought suit, claiming, among other things, that the leasehold had not been taken into account, and that the estate was entitled to a one-fourth interest therein. A demurrer to the bill was overruled. This Court, on March 1, 1927, held that said demurrer should have been sustained on the ground that such suit could not be maintained unless such omission is charged to be the result of fraud or mutual mistake, reversing the case and decreeing to appellants their costs in and about their appeal sustained. *File, Admr., etc.* v. *Bsharah,* 103 W. Va. 277, 137 S. E. 220. An amended bill was filed on December 23, 1927, and from that time no order was entered or proceeding taken in the matter until 1930. On June 24th of this latter

year, the chancellor sustained a demurrer to the amended bill, decreeing at that time that plaintiff, before proceeding further, should pay to the defendants the costs accrued to that date or execute bond therefor in the penalty of $500.00. At August Rules, 1930, the plaintiff, without complying with the decree, filed his second amended bill, together with his affidavit, "that he was pecuniarily unable as such administrator to pay fees or costs," and asked to be allowed to proceed with his suit. In December, 1930, defendants demurred to the second amended bill and moved to dismiss the same because of said non-compliance. The chancellor thereupon entered an order dismissing plaintiff's second amended bill of complaint, and directed that the plaintiff do pay the costs of the suit.

This Court, in *Hannah* v. *Lumber Company,* 92 W. Va. 104, 114 S. E. 506, held that the courts have inherent power and discretion to impose payment of costs, and that unless the court has clearly exceeded its powers or clearly abused its discretion, its imposition of payment of costs will not be disturbed. Costs are the creation of statute. Such statutes in England and in some of the states are regarded as penal. But, our statute declares them not penal, and provides that the law of costs imposed in the chapter regarding same, shall not take away or abridge the discretion of a court of equity over the subject. Chapter 38, section 10, Code. Generally, in all cases where a party is allowed to amend, he shall be charged with costs of all proceedings which will be vacated by the amendment. Milliman on Law of Costs 62. So, generally, the court may impose the payment of costs previously incurred. 5 Ency. Pl. & Pr. 263. The instant case falls within either of the foregoing rules.

The affidavit filed was ostensibly under the provision of our Code, which allows a poor person to sue upon making affidavit that he is pecuniarily unable to pay fees or costs. Code, chapter 138, section 1. The right of a personal representative to make such affidavit is challenged by the defendants as being without the spirit of this statute. The rule is stated in 24 Corpus Juris 920, that the privilege by statute alowing suits to be brought in *forma pauperis* is a personal one, citing *Smith* v. *Louisville & N. R. Co.,* 89 Tenn. 664, 15 S. W. 842,

where the court held that plaintiff suing in a representative capacity could not avail himself of the privilege of the statute, even when he avers the insolvency of the estate which he represents. The administrator here merely swears that he has no money in his hands by virtue of his office. True, the state of Tennessee since has amended the law in regard to costs to permit personal representatives to sue *forma pauperis* upon filing an affidavit that he as such personal representative, has no property, belonging to the estate of the deceased, out of which to bear the expenses of said action or suit, and that he verily believes that the estate, for the benefit of which the same is brought is justly entitled to the relief sought; and in such case, the personal representative shall not incur any personal liability, unless the court trying the same should be of opinion and adjudge the action was frivolus or malicious. Tennessee Code, 1932, sec. 9083. Our statute makes the one who takes the oath guilty of false swearing, and provides punishment for such offense, in case he swears falsely. It is axiomatic that in reality it is the estate that is the beneficiary in every action. The personal representative is but the vehicle for carrying it on.

The administrator in the instant case says that he has no funds, assets or property in his hands or in any way accessible to him as such administrator, and that he is pecuniarily unable as such administrator to pay costs or fees. The record shows that several thousand dollars came into his hands as such officer. He has evidently paid it over to those entitled thereto. On this showing may we say that the court has abused its authority? Whether an affidavit such as this may properly be filed by a personal representative need not now be determined, because even if the filing of such affidavit by a personal representative be proper (a matter not decided), this court cannot say, that, under all the circumstances of this case, the lower court has abused its discretion.

We are of opinion that the court had the power to impose upon the plaintiff the payment of costs as a condition precedent to the filing of an amended bill, upon the history of the entire litigation, and to dismiss the same upon a failure

to comply with its edict. Courts are given a free hand with the question of costs and it is only upon flagrant abuse that its action will not be suported in this forum.

*Affirmed.*