# CIRCUIT COURT OF THE CITY OF NORFOLK

William S. Hankins

v.

David K. Hankins et al.

Civil No. CL06-2130

Brian J. Hankins

v.

David K. Hankins et al.

Civil No. CL06-2133

October 24, 2008

BY JUDGE EVERETT A. MARTIN, JR.

In each of these partition suits, the plaintiff had a two-thirds interest in the property by virtue of his own inheritance and conveyances from siblings, and he acquired the remaining one-third interest from the three defendants, his brothers. The cases were referred to a Commissioner in Chancery who filed his report on August 17, 2007, to which no exceptions were taken. With respect to the costs of the proceedings, the Commissioner recommended they "be paid as a part of this suit" and that "each party should bear the costs of the appraisal for the subject properties." I do not believe the Commissioner addressed the issue before me.

On September 26, 2007, consent decrees were entered in these causes. In CL06-2130, the plaintiff agreed to purchase the property for $565,000. In CL06-2133, the plaintiff agreed to purchase the property for $200,100. In each case, the plaintiff was to be credited with two-thirds of the purchase price representing his existing ownership. The decrees appointed Mr. Mayo the special commissioner to sell the properties, to pay the balance of the purchase price into a trust account, and to report the costs and expenses of the suits and sales and to whom the net funds should be paid.

Thereafter, consent decrees of sale and distribution were entered on November 9 and December 7. In these decrees the costs were deducted from the cash proceeds of the sales, which had the effect of assessing all of the costs against the defendants.

On April 21, 2008, the defendants filed motions "for assessment of costs and expenses and for redistribution of sales proceeds." The defendants ask that William S. Hankins pay $6,716.67 of the costs in his suit and that Brian J. Hankins pay $4,162.89 of the costs in his suit. The motions were argued on September 11.

The entry of the earlier consent decrees does not bar my consideration of the issue raised. No final order has been entered, and the interlocutory decrees previously entered are, therefore, subject to modification.

It has long been established that costs lie within the discretion of a court of equity. *Dillard v. Dillard*, 77 Va. 820 (1883). The plaintiffs advance several reasons the motions should be denied. First, they note that they saved the defendants realtors' commissions by purchasing their interests. Second, Brian J. Hankins notes he received one lot by quitclaim deed because of a possible defect in title. These are both true, but no one forced the plaintiffs to buy; indeed, in their complaints, they stated their willingness to purchase the defendants' interests.

The plaintiffs brought these suits, as they had every right to do. They received the relief they sought. It is only equitable they pay their portions of the costs. Each plaintiff should be charged two-thirds of the costs of his suit. *Buchanan Realty Corp. v. Looney*, 201 Va. 432, 111 S.E.2d 410 (1959). The costs the plaintiff ought to pay in CL06-2130 are $6,716.67 and in CL06-2133 are $4,118.22.